IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | CR. NO. 2:04cr150-MHT |
| ) | WO |
| TIMOTHY RUSSELL ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on *pro se* petitioner Timothy Russell's motion for return of property filed June 8, 2006 (Doc. # 64); the government's response filed June 21, 2006 (Doc. # 67); petitioner's reply filed July 5, 2006 (Doc. # 68); the government's response to the reply filed July 13, 2006 (Doc. # 70); and the petitioner's "answer" filed July 26, 2006 (Doc. # 71). For the reasons that follow, petitioner's motion is due to be denied.

**Discussion**

Timothy Russell was indicted on July 13, 2004 for possessing cocaine base and marijuana with intent to distribute. He entered a plea of guilty to count two of a superceding indictment in February, 2005, and was sentenced in May, 2005. Russell's motion for return of property indicates that the arresting agents seized over $3,000 in U.S. currency from him at the time of his arrest. Motion at 1. According to Russell, "[d]uring the interview, [he] admitted that he placed the drugs and money in the shoe box that the officers took from the table. Russell stated that the drugs were not his but he was holding them for another individual; however, he did not admit that the money was not his, therefore, the money should be returned to him." Id. Russell also contends that he is entitled to the return of the

money because the government did not give him proper notice of the forfeiture. Id. at 2; Reply at 1.

Although Russell does not specify the date or exact amount of the seizure, the government indicates in its response that $3,523 was seized in the Middle District of Alabama from a Timothy Russell on June 11, 2003. Response at 1. According to the government, "[i]f this is the currency Russell seeks, it was administratively declared forfeited on December 30, 2003." Id. "The declaration of forfeiture as to the $3,523 was under a civil forfeiture statute, 21 U.S.C. §881(a)(6)." Id. at 2.

Russell initially filed his motion to return property under Fed. R. Civ. P. 41(g), which provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Civ. P. 41(g). However, the government contends that the exclusive remedy for the relief sought by Russell is set out in 18 U.S.C. §983:

> (e) Motion to set aside forfeiture.--
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

2

>    (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983; Response at 2.

In reply, without conceding his Rule 41(g) claim, Russell asks the court to construe his motion as an 18 U.S.C. §983(e) motion if that is the proper avenue for relief. Reply at 2. The government responds that Russell's §983(e) motion is legally insufficient under §983(e)(1) because Russell failed to show that he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. §983(e)(1)(B); Response at 2. In his "answer" Russell contends that if the government had served him with proper notice of the seizure, he would have been able to file a timely claim. Answer at 2.

The court agrees with the government that, because the property at issue was forfeited under a civil forfeiture statute, Russell does not have a remedy under Rule 41(g). When property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41(g) motion is not available. United States v. Artis, 172 Fed.Appx. 309, 311 (11th Cir. 2006) (unpublished)(citing United States v. Watkins, 120 F.3d 254, 255 (11th Cir.1997)); accord United States v. Eubanks, 169 F.3d 672, 674 (11th Cir.1999)("A [Rule 41(g) ] motion is unavailable ... when property is retained pursuant to civil forfeiture instead of for use as evidence."); United States v. Castro, 883 F.2d 1018, 1020 (11th Cir.1989)("Defendant cannot use the criminal procedure device of [Rule 41(g) ] to seek relief from a civil forfeiture proceeding.")). According to the Eleventh Circuit, when the government, in its written response to a Rule 41(g) motion, admits its position is that, by forfeiture, the movant has

3

already permanently lost his right to the pertinent property – as in the case at bar – the government's judicial admission is enough to deprive the court of the authority to grant the Rule 41(g) motion. Artis, 172 Fed. Appx. at 311 (citing Watkins, 120 F.3d at 255).

Accordingly, Russell may seek to set aside the declaration of forfeiture in this case only under 18 U.S.C. § 983. See 18 U.S.C. § 983(e)(5)("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005)(same). Further, this court "lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions." Id. at 1194. Thus, to the extent that Russell challenges the forfeiture in this case on the merits, rather than on procedural grounds, the court may not consider that challenge. Id. at 1196. However, the court does have jurisdiction over claims seeking review of the adjudicatory process itself. Id. at 1194.

In this case, Russell contends that he did not receive timely notice of the forfeiture at issue. The government does not maintain that it gave Russell such notice, contending instead that Russell did not meet his burden of showing that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. As noted above, Section 983(e) provides that:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

4

>(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). Thus, in cases subject to § 983(e), it is clear that the movant must show not only that the government knew or reasonably should have known of his interest in the property yet failed to take reasonable steps to notify him, but also that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. See United States v. McClendon, 10 Fed.Appx. 341, 344 (7th Cir. 2001)(unpublished); see also Centeno v. United States, 2006 WL 2382529, 3 (S.D.N.Y. Aug. 17, 2006)(unpublished)(The movant must show both that the government did not take reasonable steps to provide notice, and that he did not have reason to know of the seizure with sufficient time to file a timely claim.).

Here, Russell has not established that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. In fact, Russell appears to have known of the seizure on the date that it occurred since he was aware that the officers took the shoe box with the drugs and money from the table in the hotel room which he had just exited. Motion at 1; see also Pre-sentence Investigation Report at 4-5 (Officers looked through the window into a motel room which Russell had just exited and saw a shoe box sitting on a table which contained cocaine base and U.S. currency. They obtained a search warrant for the room. During an interview Russell admitted that he placed the drugs and money in the shoe box that officers discovered on the table.). Indeed, Russell's motion for return of property admits that "the arresting agents seized" the currency "from the petitioner ... at the time of

5

his arrest." Motion at 1. Under these circumstances, the court cannot conclude that the requirements of 18 U.S.C. § 983(e)(1) have been met. See Harrington v. U.S. Drug Enforcement Agency, 2006 WL 897221, *4 (E.D. Ky. Apr. 6, 2006)(unpublished)(Moving party did not satisfy Section 983 where he knew that the DEA had seized the money from his pocket and admitted that he had sufficient notice of the seizure to have purportedly made demands for a receipt at the time.); Johnson v. United States, 2004 WL 2538649, *4 (S.D. Ind. Oct. 22, 2004)(unpublished)(Moving party did not satisfy Section 983 where he was present during the seizure and had more than five months to claim his interest.).

## Conclusion

For the foregoing reasons, Russell has failed to satisfy the requirements of 18 U.S.C. § 983(e)(1). Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Russell's motion for return of property (Doc. # 64), which the court construes as a motion to set aside the administrative forfeiture, be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE, this 25th day of August, 2006.

                                            /s/ Susan Russ Walker
                                            SUSAN RUSS WALKER
                                            UNITED STATES MAGISTRATE JUDGE